IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TERRELL MOSLEY**  **PLAINTIFF**
**ADC #145155**

v.                                  No: 4:24-cv-00451-BSM-PSH

**AUSTIN DANCY,** *et al.*                                  **DEFENDANTS**

## ORDER

Plaintiff Terrell Mosley filed a *pro se* complaint on May 22, 2024, while incarcerated at the Arkansas Division of Correction's Tucker Unit (Doc. No. 2). The Court granted Mosley *in forma pauperis* status (Doc. No. 3). Mosley subsequently filed a missing page from his original complaint (Doc. No. 4). The Court has screened Mosley's complaint as supplemented,[1] but will not order service of process at this time. Instead, Mosley is instructed to file an amended complaint to address the deficiencies described below.

First, Mosley's complaint describes the same Eighth Amendment deliberate indifference claims currently pending in another lawsuit against defendants Wellpath LLC and Lonnell Seamster. *See* Doc. No. 2 at 2; *Mosley v. Wellpath LLC,*

---

[1] The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).

*et al.*, 4:23-cv-0089-BBM (motion for summary judgment on the merits currently pending).  In Mosley's pending lawsuit against Seamster and Wellpath, Mosley alleges that Seamster denied him treatment for neck pain through August 22, 2023 following a December 2022 incident, and that Wellpath's sick call policy prevented him from seeing a medical provider.  *Mosley v. Wellpath LLC, et al.*, 4:23-cv-0089-BBM, Doc. No. 2 at 5-10.  Mosley raises the same claims in this case.  But he may not litigate the same claims in both cases.  *See Gearheart v. Sarrazine,* 553 Fed. Appx. 659, 659-60 (8th Cir. 2014) (affirming dismissal of prisoner's claims that were duplicative of those in another pending action); *Aziz v. Burrow,* 976 F.2d 1158, 1158-59 (8th Cir. 1992) (affirming dismissal of "duplicative complaint raising issues directly related to issues in another pending action brought by the same party" as frivolous).  Accordingly, Mosley must limit his claims in this case to those that are not pending in his other case.

Second, in this case, Mosley does not describe any intentional wrongdoing or deliberate indifference by several defendants. Intentional conduct or deliberate indifference, rather than negligence, is required to sustain a § 1983 claim.  *See Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005); *see also Jackson v. Everett*, 140 F.3d 1149, 1152 (8th Cir. 1998) ( . . . "'deliberate indifference includes something more than negligence but less than actual intent to harm'; it requires proof of a reckless disregard of the known risk.") (quoting *Newman v. Holmes,* 122 F.3d 650,

653 (8th Cir. 1997)). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). *See also Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (holding that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation."). In his amended complaint, Mosley must describe how *each* named defendant intentionally injured him or was deliberately indifferent to his serious medical needs.

The Clerk of Court is directed to send a blank § 1983 complaint form to Mosley. Mosley is cautioned that an amended complaint renders his original complaint without legal effect should he choose to file one; only claims properly set out in the amended complaint will be allowed to proceed. In the event he fails to file an amended complaint conforming to this order within 30 days, the Court may dismiss this case.

IT IS SO ORDERED this 8th day of July, 2024.

_____
UNITED STATES MAGISTRATE JUDGE